UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNGOAK CHA,<br><br>        Plaintiff,<br><br>    v.<br><br>THE KAISER PERMANENTE,<br><br>        Defendant.<br>_____/ | No. C-14-4672-EMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>**(Docket No. 7)** |

        Plaintiff Jungoak Cha filed this lawsuit *pro se* against Defendant, "The Kaiser Permanente,"[1] alleging various legal wrongs stemming from Ms. Cha's dismissal from her employment as a registered nurse. Complaint (Docket No. 1). While Ms. Cha's complaint is not always easy for this Court to interpret, it appears that the complaint alleges the following five causes of action: (1) breach of a collective bargaining agreement in violation of Section 301(a) of the Labor Management Relations Act,[2] stemming from Ms. Cha's alleged "sudden termination" from her employment; (2) a workplace injury claim related to Ms. Cha's alleged exposure to cadmium at her place of employment; (3) age discrimination under the Age Discrimination in Employment Act (ADEA) stemming from her dismissal from employment; (4) race discrimination under Title VII of the Civil Rights Act (Title VII) stemming from her dismissal from employment; and (5) disability

---

[1] Defendant's motion to dismiss identifies Ms. Cha's employer – and thus the proper defendant in this action – as "The Permanente Medical Group." The Court refers to this entity as either the Defendant or Permanente.

[2] Codified at 29 U.S.C. § 185(a).

discrimination in violation of the Americans with Disabilities Act (ADA) stemming from her dismissal from employment and Permanente's alleged failure to offer Ms. Cha a job modification. *See id.* at 2, 4-5. While not obviously pleaded in her complaint, Ms. Cha claims she also intended to allege a state discrimination claim under California law. Plaintiff's Opposition Brief at 2 (Docket No. 9).

On December 1, 2014, Permanente moved to dismiss all of Ms. Cha's claims, and contends that each claim should be dismissed with prejudice. Permanente is correct that Ms. Cha has not adequately stated a claim on any of her causes of action. However, the Court will give Ms. Cha, who is proceeding *pro se*, leave to amend her complaint.[3]

## I. BACKGROUND

Ms. Cha was employed as a registered nurse at Kaiser for over 30 years. Complaint at 4. Around February 6, 2011, Ms. Cha began suffering various physical ailments. *Id.* For instance, she reports feeling "left leg numbness" and the having the sensation of an "electrical shock." *Id.* She also reports that she "noticed brown spots and burnt skin, [and suffered] dry eyes, ear pain, [and] headaches." *Id.* According to Ms. Cha, a CT scan revealed that her liver and spleen were enlarged. *Id.* Later testing revealed kidney damage and "nerve dysfunction." *Id.* Toxicology tests of Ms. Cha's hair and urine revealed the presence of cadmium, *id.*, a "highly toxic" metal "known to cause cancer" and other serious ailments. *See Cadmium*, United States Dept. of Labor, Occupational Safety and Health Administration, http://www.osha.gov/SLTC/cadmium (last accessed, January 16, 2015). According to Ms. Cha, she had never before suffered from the ailments she alleges onset around February 2011.[4] Complaint at 5. That is, until she started working at a Kaiser call center in Vallejo. *Id.* Ms. Cha alleges that she has suffered "permanent injury due to [her] work environment," namely cadmium exposure. *Id.* at 4-5.

---

[3] As the Court stated on the record at the hearing on this matter, Ms. Cha is advised to consult with the Northern District of California's Legal Help Center, or otherwise consult with an attorney, before filing her amended complaint.

[4] The complaint is slightly unclear regarding how long Ms. Cha has been suffering her various ailments, but it appears 2011 is the likely start date for Ms. Cha's symptoms.

2

Ms. Cha left work sometime in 2011. Thereafter, she "tried to return to work [for] short periods of time in 2011," but her disability would worsen as a result of her return to employment. *Id.* at 4. Ms. Cha went on medical leave on August 28, 2011. *Id.* According to Ms. Cha, her medical condition(s) made it so she was "not able to perform reasonable continuity [sic] in my occupation and I had to follow my medical direction at that time," which was presumably a direction to at least temporarily leave her employment at Permanente. *Id.*

Sometime in early 2012, Ms. Cha made a "disability claim," and "submitted a medical doctor's note to extend my medical leave till March 27th, 2012." *Id.* But on March 7, 2012, Permanente sent Ms. Cha a formal termination letter. Ms. Cha was terminated effective March 8, 2012. *Id.* Before she was terminated, Ms. Cha alleges that "[n]o modified work was offered" to her, but does not include any other facts about her request for a job modification or Permanente's precise response. *Id.*

Ms. Cha claims that she was "supposed to have a termination notice [period] of 30 days ahead according to my union contract (CNA-California Nurses association)." *Id.* Moreover, Ms. Cha claims she was not contacted by a union representative at the time of termination, as required under her union contract. *Id.* Ms. Cha does not allege any facts indicating that she pursued a grievance with the union, or otherwise engaged in the grievance procedures specified under the collective bargaining agreement. *See* Defendant's Request for Judicial Notice, Ex. A (Collective Bargaining Agreement) at 113 (Docket No. 8).

Ms. Cha further alleges that "Kaiser's sudden termination of my job have been due to unwillingness to address my cadmium exposure and because of my disability." Complaint at 5. As a consequence of her cadmium exposure and termination, Ms. Cha claims she has lost considerable income (she is now unemployed and receiving only social security benefits) and suffers stress and anxiety. *Id.* Ms. Cha applied for worker's compensation, but her claim was apparently denied. The complaint alludes to a possible appeal that was due to be decided by November 15, 2014. *Id.*

At some point after her termination, Ms. Cha contacted the California Department of Fair Employment and Housing (DFEH). *See* Complaint, Ex. A (DFEH Notice). The DFEH sent a "Notice of Case Closure and Right to Sue" letter to Ms. Cha on October 25, 2013. *Id.* According to

DFEH, Ms. Cha's complaint was "Investigated and Dismissed: Insufficient Evidence." *Id.* The letter informs Ms. Cha that any "civil action [brought under the California Fair Employment and Housing Act or related state statutes] must be filed within one year from the date of this letter." *Id.* The letter says nothing about the statute of limitations for federal law causes of action. *Id.* The letter simply states that "[y]our complaint is dual filed with the United States Equal Employment Opportunity Commission (EEOC)." *Id.* Ms. Cha included the following allegations in the body of her complaint with respect to her DFEH (and potential) EEOC complaints:

> I attached my right to sue notice till Oct 25th, 2014 per DFEH and my detail note. The EEOC note, I was not filed in my signature. I just talked to an employee at that office. He advised me that I had to follow DFEH note and I didn't need to fill the application that time. If I had a question, he asked me to call Ms. RanDall. I called her once but not returned my call. *That's why I ignored EEOC 90 days right to sue notice*. I had a DFEH note and I was suffering and stressful what to do for my employer and waited till this time [to file suit].

Complaint. at 5 (emphasis added).

Ms. Cha filed this action on October 20, 2014. Ms. Cha invoked federal question jurisdiction, and identified the relevant laws involved as "Title VII of the Americans of disabilities Act, the Age Discrimination & Employment Act." *Id.* at 2. It is not immediately apparent from the face of the complaint or its attachments whether Ms. Cha also intended to bring any possible state law causes of action in this lawsuit. However, in her opposition to Permanente's motion to dismiss, Ms. Cha characterizes her action as one "based on both federal and California law" and notes that her claims are timely filed because she had one-year to file her state law claims from the date of receipt of the DFEH notice. Plaintiff's Opposition Brief at 2 (Docket No. 9).

## II. DISCUSSION

A.  Applicable Legal Standard

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When reviewing a motion to dismiss, the Court will consider the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). This Court has "an obligation where the [plaintiff] is

*pro se . . .* to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Id.* (citation omitted).

A claim may be dismissed as untimely pursuant to a 12(b)(6) motion only when the running of the statute of limitations is apparent on the face of the complaint. *See U.S. ex rel. Air Control Technologies, Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013). To the extent any of plaintiff's federal claims survive a motion to dismiss, leave to amend shall be "freely" given "when justice so requires." Fed. R. Civ. P. 15.

B.   Plaintiff Cha's Labor Claims Are Dismissed Without Prejudice

Ms. Cha's first claim is that she was wrongfully terminated pursuant to her collective bargaining agreement with Permanente. Complaint at 4. Specifically, she claims she was not given requisite notice of her termination, and appears to allege that her union did not provide her proper representation.[5] *Id.* This is necessarily a federal claim, because any state cause of action for violation of a collective bargaining agreement is preempted by section 301 of the federal Labor Management Relations Act. *See Stallcop v. Kaiser Foundation Hospitals*, 820 F.2d 1044, 1048 (9th Cir. 1987); *see also DelCostello*, 462 U.S. at 165 (a suit against an employer for breach of a collective bargaining agreement "rests on § 301" and thereby arises under federal law).

Permanente first argues that Ms. Cha's section 301 claim fails because she did not plead or otherwise establish that she exhausted the grievance and arbitration remedies provided in the collective bargaining agreement. Mot. at 3-4. Permanente has provided a copy of the collective bargaining agreement, which provides that "the grievance/arbitration procedure is the sole and exclusive remedy for any and all disputes or rights arising from or relating to this Agreement." Docket No. 8, Ex. A at 113.[6] Where a collective bargaining agreement contains a binding grievance

---

[5] Notably, Ms. Cha's union is not a party to this action. Nevertheless, to prevail on her complaint against Permanente for breach of the collective bargaining agreement, Ms. Cha will also need to prove that her union violated its duty of fair representation to her. *See DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 165 (1983)

[6] The Court may consider the collective bargaining agreement at this stage because it is "permitted to consider documents that were not physically attached to the complaint where the documents' authenticity is not contested, and the plaintiff's complaint necessarily relies on them." *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013) (citations omitted).

procedure, "an employee is required to attempt to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement" before filing suit. *DelCostello*, 462 U.S. at 164 (citing *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652-53 (1965)). This Ms. Cha apparently has not done, and so her claim will be dismissed with leave to amend. In any amended complaint, Ms. Cha should include all of the relevant facts surrounding her termination from Permanente, including her interaction with the Union and its representatives. As noted in footnote 5 above, to sue her employer for breach of the CBA, Ms. Cha will also need to sufficiently allege the Union violated its duty of fair representation.

Permanente argues that amendment is futile because Ms. Cha's LMRA claims are time-barred. While it seems likely that Ms. Cha's LMRA claims were filed after the limitations period expired, this is not conclusively apparent from the face of her complaint, and thus dismissal with prejudice is unwarranted at this stage. *U.S. ex rel. Air Control Technologies, Inc.*, 720 F.3d at 1178. Section 301 claims are subject to a six month limitations period. *DelCostello*, 462 U.S. 154-55. The limitations period begins to run when the plaintiff's claim accrues, which the Ninth Circuit has held occurs when "the employee knows or has reason to know that the union has quit pursuing his grievance short of arbitration." *Carter v. Smith Food King*, 765 F.2d 916, 919 n.2 (9th Cir. 1985) (citing *McNaughton v. Dillingham Corp.*, 707 F.2d 1042, 1047 (9th Cir. 1983)); *see also Stallcop*, 820 F.2d at 1049 (holding that a section 301 claim accrues "when [plaintiff] received the Union's letter notifying her it would pursue her grievance no further").

Here, it is not apparent from the face of Ms. Cha's complaint when (if ever) she received appropriate notice from the Union that it would not pursue her grievance further. Indeed, she may never have received such notice if she failed to invoke the Union's assistance in pursuing her grievance. Thus dismissal on statute of limitations grounds is inappropriate at this time.

Of course, if Ms. Cha concedes that she did not pursue her administrative remedies, her LMRA complaint may need to be dismissed with prejudice. *Maddox*, 379 U.S. at 652 ("[T]here can be no doubt that the employee must afford the union the opportunity to act on his behalf."). And if she is able to plead that she did exhaust her remedies, but it turns out that she knew or should have known that the union would "pursue her grievance no further" at least six months before the filing of

6

1 this action, her claim may be subject to dismissal because of the statute of limitations. At this stage
2 of the litigation, however, this cannot be determined with certainty, and so Ms. Cha may amend her
3 LMRA claim.

### C. Plaintiff Cha's Workplace Injury Claims is Dismissed Without Prejudice

Permanente argues that Ms. Cha's workplace injury claim (*i.e.*, her claim that she was exposed to cadmium at work) must be dismissed because the claim alleges that Permanente is liable for injuries Ms. Cha sustained in the course of her employment, and that the worker's compensation scheme is the exclusive remedy against an employer for such injuries to an employee. *See Johns-Manville Prods. Corp. v. Superior Ct.*, 27 Cal. 3d 465, 467 (Cal. 1980). Permanente is correct that worker's compensation typically provides the exclusive remedy for such claims, and therefore Ms. Cha's claims as currently pleaded must be dismissed. *See Marsh & McLennan, Inc. v. Superior Ct.*, 49 Cal. 3d 1, 5 (Cal. 1989) (holding that the "right to recover workers' compensation benefits is the sole and exclusive remedy available to an injured employee against his employer") (citations omitted). This Court simply cannot adjudicate "run-of-the-mill" workplace injury claims.

However, it is not clear that Ms. Cha could plead no set of facts that would remove her claims from the exclusive remedy provisions of the worker's compensation regime. For instance, if Ms. Cha could plead facts that Permanente intentionally and knowingly exposed her to cadmium, she might be able to state a viable tort claim. *See Johns-Manville Prods. Corp.*, 27 Cal. 3d at 475-76. Ms. Cha at least seems to suggest that Permanente knew it was exposing her to cadmium at the Vallejo call center. *See* Complaint at 5 (alleging that Kaiser was "unwilling" to address her cadmium exposure, and thus fired her). Thus, the Court will grant Ms. Cha leave to amend her complaint in case she could allege some facts that would place her cadmium poisoning claims outside the scope of the worker's compensation regime. Ms. Cha is instructed that in any amended complaint, she should include all facts regarding her exposure to cadmium, including any knowledge Permanente may have had of such poisoning. Again, Ms. Cha is encouraged to seek help from an attorney before filing an amended complaint.

### D. Plaintiff Cha's Discrimination Claims Are Inadequately Pleaded

Ms. Cha purports to bring claims under Title VII, the ADEA, and the ADA. She also purports to bring discrimination claims under California law. The California claims appear to be timely filed, as this lawsuit was filed on October 20, 2014. Ms. Cha received a right-to-sue notice from the DFEH on October 25, 2013. Thus, her California claims were timely filed within the one-year limitations period. However, all of her discrimination claims must be dismissed because Ms. Cha pleads no facts to support her discrimination claims (either Federal or state). The entire extent of her allegations is that she was fired "because of my disability." Without any factual context to support this allegation, Ms. Cha's discrimination claims must be dismissed. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring that a complaint must contain sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *Twombly*, 550 U.S. at 555 (holding that while a complaint need not contain "detailed factual allegations," mere "labels and conclusions" won't do). The Court will permit Ms. Cha an opportunity to file an amended complaint. Ms. Cha is informed that in any amended complaint she must include *facts*, not just conclusions, that tend to plausibly show that she was discriminated against by Permanente. Failure to include sufficient facts in an amended complaint may result in the amended complaint being dismissed with prejudice by this Court.

Permanente argues that Ms. Cha's federal discrimination claims should be dismissed with prejudice because they are clearly untimely. The federal limitations period for bringing a Title VII, ADEA, or ADA claim is 90 days from receipt of a notice-to-sue letter from the EEOC. See 42 U.S.C. § 2000e-5(f)(1) (Title VII limitations period is ninety days); 29 U.S.C. § 626(e) (ADEA limitations period is ninety days); 42 U.S.C. § 12217(a) (ADA limitations period borrowed from Title VII actions, which is ninety days); *see also Payan v. Aramark Management Services Ltd. P'Ship*, 495 F. 3d 1119, 1122 (9th Cir. 2007) (explaining that if a litigant does not file suit within ninety days, the claim is time-barred). This limitations period is enforced strictly against *pro se* and represented litigants alike. *Id.* at 1127; *see also Baldwin Cnty. Welcome Cntr. v. Brown*, 466 U.S. 147, 150 (dismissing a *pro se* Title VII complaint filed outside of limitations).

Here, there is no evidence if or when Ms. Cha received a right-to-sue letter from the EEOC. But Ms. Cha did attach a DFEH notice letter to her complaint that is dated October 25, 2013. *See* Complaint, Ex. A. A number of courts have determined that receipt of a DFEH notice letter is equivalent to receipt of an EEOC notice letter, and thus the 90 day limitations period for federal discrimination claims begins to run when the DFEH right-to-sue letter is obtained. *See Pearsall v. Bank of American Corp.*, No. CIV S-11-3457-KJM, 2012 WL 1856511, at *2 (E.D. Cal. May 21, 2012) (stating that the "weight of authority" provides that "a DFEH letter satisfies the exhaustion requirement for federal civil rights claims and may be used to calculate the 90 days limitations period") (internal quotation marks and citation omitted); *Welch v. So. Cal. Edison*, 378 Fed. Appx. 621, 622 n.4 (9th Cir. 2010) (same). As one court explained, "[i]t is well settled that when a state fair employment agency ('FEP') has a worksharing agreement with the EEOC, the charges filed with the state FEP, such as the DFEH, are deemed to be constructively filed with the EEOC."[7] *Iniguez v. Boyd Corp.*, No. 1:08-cv-1758-AWI-DLB, 2009 WL 2058529, at *4 (E.D. Cal. Jul. 14, 2009); *see also Stiefel v. Bechtel Corp.*, 624 F.3d 1240, 1245 (9th Cir. 2010) (holding plaintiff had right to sue for federal discrimination claim once the plaintiff was "entitled to receive a right-to-sue letter" from the EEOC).

In light of the above precedent, it appears that the ninety day limitations period in this case likely began to run when Ms. Cha received the DFEH's right-to-sue notice. Thus, to be timely, her complaint needed to be filed around January 23, 2014. Instead, Ms. Cha filed this action on October 20, 2014. However, the Court observes that the ninety day statutory period can be equitably tolled. *See Stiefel*, 624 F.3d at 1245. The Court also observes that the DFEH right-to-sue notice was arguably ambiguous or misleading: The letter clearly states that Ms. Cha has one year to file an action under California law, but says absolutely nothing about the relevant limitations period under Federal law. Moreover, Ms. Cha stated at the hearing that she spoke to an individual at the EEOC regarding filing a separate EEOC complaint, and represented that this individual may have provided her with incomplete or inaccurate information regarding her rights under Federal law.

---

[7] Indeed, the DFEH letter here expressly states that Ms. Cha's "complaint is dual filed" with the EEOC.

Consequently, the Court will give Ms. Cha an opportunity to amend her complaint to include more details that might support a claim of equitable tolling.

### III. CONCLUSION

All of Ms. Cha's claims are hereby dismissed because she has not adequately pleaded facts that would entitle her to any legal relief from this Court. The Court will permit Ms. Cha an opportunity to amend her complaint. Ms. Cha's amended complaint must be filed with the Court no later than thirty (30) days from the date of this Order.

This order disposes of Docket No. 7.

IT IS SO ORDERED.

Dated: February 2, 2015

_____
EDWARD M. CHEN
United States District Judge